919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy ROSE, Plaintiff Counter Defendant-Appellant,
v.
FIGGIE INTERNATIONAL, Scott Aviation, a division of Figgie
International, Tyrone Wallace, Defendants Counter
Plaintiffs-Appellees.
 No. 90-1381.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1990.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Dorothy Rose seeks to try before a jury her claim against her former employer, Scott Aviation, a division of Figgie International Inc. and her former boss, Tyrone Wallace. We agree with the district court that there is no genuine issue of a material fact to support Rose's sexual harassment claim.
 
 
 2
 Scott Aviation, a division of Figgie International Inc., operates a manufacturing facility in South Haven, Michigan. Dorothy Rose first became employed at Scott in 1973. Tyrone Wallace became Rose's supervisor in 1978. In 1981, Wallace was promoted to the position of plant manager. This position made him responsible for promotional and wage increase decisions affecting Rose. While being supervised by Wallace, Rose was promoted three times, including promotions to Supervisor of Engineering Liaisons in 1984; Materials Supervisor in 1985; and Productions Manager in 1987. Throughout this period Rose received above average wage increases.
 
 
 3
 Rose claims that throughout the period she was supervised by Wallace she was subject to sexual harassment. Specifically, Rose alleges that Wallace made continuing sexual comments and propositions to her. Rose also alledges that Wallace touched her from time to time. This conduct culminated in an incident during a 1986 business trip to Lancaster, New York. During a post-dinner conversation, Wallace asked Rose if he could come into her hotel room and she responded that he could not. Rose contends that after this incident, her work conditions and relationship with Wallace deteriorated. However, it appears from the record that Rose did receive annual pay increases and was promoted to Productions Manager after the hotel room incident.
 
 
 4
 In November, 1987, Rose was promoted by Wallace to the position of Productions Manager. On February 5, 1988, Rose asked to be returned to her previous position as the Materials Supervisor. This request was predicated on Rose's dissatisfaction with her pay rate at the new position. Rose was permitted to return to her previous position as the Materials Supervisor. In her deposition, Rose indicated that Wallace did not make any sexual advances or remarks towards her after she was promoted out of the Materials Supervisor position in November, 1987. On September 26, 1988, Rose resigned from her position at Scott.
 
 
 5
 Thereafter, Rose filed this action alleging violations of 42 U.S.C. Sec. 1981 and Sec. 1983, sex discrimination under Title VII, 42 U.S.C. Sec. 2000 et seq. She also alleged a number of a number of pendent state law claims. Rose later voluntarily dismissed her Sec. 1981 claim. The district court determined that the defendants were entitled to summary judgment on the two remaining federal claims. The district court also dismissed the pendent state claims because there were no remaining federal claims to confer jurisdiction upon the court. Rose now appeals the decision of the district court granting the defendants' motion for summary judgment.
 
 
 6
 This Court applies a de novo standard of review when reviewing a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). A motion for summary judgment should be granted only if, based upon the record as a whole and viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact. Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1130 (6th Cir.1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986) (emphasis in original). Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint. Id. at 348-249; Celotex Corp. v. Catrett, 476 U.S. 317, 324 (1986); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986).
 
 
 7
 Rose argues on appeal that summary judgment was inappropriate because she established a prima facie case of quid pro quo sexual harassment. Quid pro quo sexual harassment is characterized as an employer's sexually discriminatory behavior which compels an employee to elect between acceding to sexual demands and forfeiting job benefits, continued employment or promotion, or otherwise suffering tangible job detriments. Highlander v. K.F.C. Nat. Management Co., 805 F.2d 644, 648 (6th Cir.1986); Henson v. City of Dundee, 682 F.2d 897, 908 (11th Cir.1982). Rose alleges that Wallace both delayed and denied her promotions due to her rejection his of sexual advances. Rose further asserts that it was common knowledge at Scott that if one submitted to the sexual advances of Wallace, job benefits would follow.
 
 
 8
 To prevail on a quid pro quo claim of sexual harassment, a plaintiff bears the burden of proof to support charges that submission to the unwelcomed sexual advances of supervisory personnel was an express or implied condition for receiving job benefits or that tangible job detriment resulted from the employee's failure to submit to the sexual demands of supervisory personnel. See Highlander, 805 F.2d at 648; Note, Sexual Harassment Claims of Abusive Work Environment under Title VII, 97 Harv.L.Rev. 1449, 1454-55 (1984). Rose has failed to produce any evidence which supports her claim that she was denied promotions due to her refusal to submit to Wallace's sexual advances. The record establishes that Rose had received three promotions while Wallace was her supervisor. In November, 1987, Wallace promoted Rose to the position of Productions Manager, the second-highest position at the South Haven plant.
 
 
 9
 In further support of her quid pro quo claim of sexual harassment, Rose argues that two of Wallace's "favored" employees were rapidly advanced through the ranks of employees at the expense of employees with more experience and qualifications. However, Rose has not illustrated how this fact caused her any job detriment. These "favored" employees where never promoted to positions of higher authority or compensation than the position which Rose herself held. In fact, one of these "favored" employees, Tracey Ratdke, was promoted to Rose's former position when Rose was promoted to Productions Manager in November, 1987. Rose has failed to demonstrate how she suffered any job detriment and thus has failed to establish a prima facie case of quid pro quo sexual harassment.
 
 
 10
 Rose also argues that the district court erred in dismissing her claim of sexual harassment which resulted from an offensive and hostile work environment. In Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986), the Supreme Court held that, "[f]or sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the condition of [the victim's] employment and create an abusive working environment.' " Id. at 67, (quoting Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir.1982)). To establish a Title VII offensive work environment sexual harassment claim a plaintiff must establish, among other things, that, "the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment that affected seriously the psychological well-being of the plaintiff ..." Rabidue v. Osceola Refining Co., 805 F.2d 611, 619 (6th Cir.1986), cert. denied, 481 U.S. 1041 (1987). In determining whether a plaintiff has met this burden this Court is directed to adopt the perspective of a reasonable person's reaction to a similar environment under like circumstances. Id. at 620.
 
 
 11
 Rose's allegations of Wallace's conduct simply do not rise to the level required to be actionable under Title VII. Rose relies primarily upon an incident which occurred in June, 1988, while Rose and Wallace was on a business trip to Lancaster, New York. Rose testified that on the way back to her hotel room one evening Wallace asked her if he could come into her hotel room. Rose said no and Wallace then asked her if she was sure and she replied, "yes." Wallace then left without further discussion. This incident simply does not establish that Rose was forced to endure an abusive work environment.
 
 
 12
 In further support of her claim, Rose also alleges that Wallace made sexually suggestive comments to her on a number of occasions. Although these type of comments are inappropriate and illustrate poor judgment on the part of Wallace, they do not establish a violation of Title VII for sexual harassment. See Meritor, 477 U.S. at 67-68.
 
 
 13
 Rose has failed to establish essential elements of her sexual discrimination claim under Title VII. Therefore, the judgment of the district court granting the defendants' summary judgment is AFFIRMED.